**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

UNITED STATES OF AMERICA          §
                                  §
*versus*                          §          CASE NO. 1:11-CR-9
                                  §
HOWARD JAMES WHITE                §

### MEMORANDUM AND ORDER

Pending before the court is Defendant Howard James White's ("White") *pro se* letter request to "set financial payment at $35.00 quarterly" (#189). The Government filed a response contending that White's request should be denied as moot (#192). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On January 26, 2012, the court sentenced White to 300 months' imprisonment pursuant to a binding plea agreement. The court further ordered White to pay restitution in the amount of $21,775, as well as a $200 special assessment. The Judgment specified that "[h]aving assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Lump sum payment of $21,975 due immediately" and provided the following instructions:

> Restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 SE Loop 323, #287, Tyler, TX 75710.

The record reflects that on or about October 10, 2025, White informed the court that he had been transferred to United States Penitentiary Atwater ("USP Atwater"), located in Atwater, California. The Bureau of Prisons's ("BOP") online inmate locator tool confirms that White is presently housed at USP Atwater with a projected release date of April 13, 2032.

In its response, the Government states that "Because [White] is now incarcerated at a [BOP] facility located in the Ninth Circuit, [the] BOP is not allowed to collect restitution payments under the payment schedule in the Court's judgment here." The Government also attached a letter from Unit Manager, D. Bollinger ("Bollinger"), which explains that "[a]s a result of the decision in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), it has been determined that the BOP lacks authority to collect restitution payments under the schedule in this restitution order." Bollinger goes on to explain "we considered whether the restitution order was issued on or after April 24, 1996, whether the restitution order was ordered 'due immediately,' and whether it lacked a payment schedule that could be applied during the inmate's imprisonment." The Government concludes that White's request to set his financial payments is moot and therefore should be denied.

Under the Mandatory Victim's Restitution Act ("MVRA"),[1] an order of restitution is a final judgment and can be modified only in limited circumstances. 18 U.S.C. § 3664(o). Title 18, United States Code Section 3664(k) grants a district court the authority to modify the payment schedule it imposed after being notified of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k);

---

[1] The MVRA was enacted on April 24, 1996. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, § 201-11, 110 Stat. 1214, 1227-41 (1996).

*United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019).  In contrast, a district court lacks jurisdiction to address a challenge to a defendant's payments under the BOP's IFRP.  *United States v. Poff*, No. 23-20209, 2024 WL 1478881, at *2 (5th Cir. Apr. 5, 2024).  "That program is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration."  *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009).

In his letter, White states:

I was sentenced before your Honor, Jan-26-2012.  I've been incarcerated for 16 yrs.  I have no financial income.  I respectfully ask the court to set financial payments at $35.00 quarterly.

To the extent that White seeks modification of his court-ordered payment schedule, he "bears the burden of proving that his circumstances have changed enough to warrant such a modification."  *United States v. Aldridge*, No. CR H-10-185-01, 2026 WL 1697087, at *2 (S.D. Tex. June 11, 2026).  White's reference to his lengthy incarceration, without more, fails demonstrate a sufficient change in his financial circumstances to warrant a modification of his restitution order.

Furthermore, as the Government points out, the BOP is not currently collecting any restitution payments from White.  In *Ward v. Chavez*, the Ninth Circuit evaluated a restitution order that stated payment was due immediately where the defendant had insufficient financial resources to make immediate payment.  678 F.3d 1042 (9th Cir. 2012).  The Ninth Circuit held that, when ordering restitution, the district court must considered the defendant's financial position and fashion an appropriate payment schedule.  *Id*. at 1050.  The Ninth Circuit concluded that the district court impermissibly delegated its authority to the BOP by ordering immediate payment of

restitution with the expectation that the BOP would work out a payment schedule with the defendant pursuant to the IFRP. *Id.* at 1046-47, 1051 ("[B]ecause the sentencing court in [the defendant's] case did not set forth a proper payment schedule in the restitution order, that order is unlawful, and the BOP therefore lacks the authority to collect restitution payments from [the defendant] through the IFRP."). Here, because White's Judgment specifies that restitution is due "immediately" without specifying how the payments are to be collected during his term of imprisonment, the BOP officials at USP Atwater are not currently collecting restitution payments. Thus, White's request to modify his payment schedule is moot at this time.

Finally, to the extent that White is requesting the court to modify or suspend IFRP payments administered by the BOP, the court is without jurisdiction to do so. *See Poff*, 2024 WL 1478881, at *2; *Diggs*, 578 F.3d at 319.

Accordingly, White's *pro se* letter request to "set financial payment at $35.00 quarterly" (#189) is DENIED.

SIGNED at Beaumont, Texas, this 16th day of July, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE